

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
08/08/2012

|  |  |
|---|---|
| IN RE | ) |
| LUIS O. NAVARRETE, | ) CASE NO. 11-40956-H3-7 |
| Debtor, | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Trustee's Objection to Debtor's Exemptions" (Docket No. 27, supplemented at Docket No. 34). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Luis O. Navarrete ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 30, 2011. Ronald J. Sommers ("Trustee") is the Chapter 7 Trustee.

Debtor testified that his homestead was damaged when Hurricane Ike made landfall in September, 2008. He testified that the garage was destroyed, and the roof of the home was damaged, causing damage to the sheetrock in the interior of the

home.  He testified that the water heater and air conditioning system were damaged.

Debtor testified that he signed a paper authorizing the Mostyn Law Firm to represent him regarding an insurance claim for damage to his home.  He testified that a representative of the law firm presented him with papers at the entrance of a grocery store, and that he signed a paper.  He testified that he does not know whether the representative of the law firm was an attorney.

Debtor testified that, at the time the instant Chapter 7 case was filed, he was unaware that the Mostyn Law Firm had filed suit on his behalf on October 4, 2010.  He testified that he had forgotten meeting with the representative of the Mostyn Law Firm in the grocery store and signing papers.[1]

Concurrently with the filing of the petition in the instant case, Debtor filed schedules and a statement of financial affairs.  Debtor's schedules filed on December 30, 2011 did not list any insurance claims or pending lawsuits.  In Debtor's Schedule C filed on December 30, 2011, Debtor claimed the exemptions under Section 522(d) of the Bankruptcy Code.  (Docket No. 1).

On January 25, 2012, Debtor appeared for the meeting of creditors in the instant case.  Trustee testified that, at the

---

[1] The court presumes such papers included an agreement that the law firm represent Debtor with respect to the insurance claim.  The papers themselves are not in evidence.

meeting of creditors, Debtor testified that he did not have any claims or lawsuits against anyone. On January 26, 2012, Trustee filed a report indicating there would be no distribution to creditors in the instant case.

Debtor testified that he was notified in May, 2012, that the Mostyn Law Firm had negotiated a settlement of the insurance claim. He testified that, as soon as he became aware of the claim, he amended his bankruptcy schedules to reflect the claim.

On May 17, 2012, Debtor filed amended Schedules A, B, and C and an amended statement of financial affairs. In amended Schedules A and B, Debtor listed the insurance claim, both as real property and personal property. In amended Schedule C, Debtor claimed the proceeds as exempt, pursuant to the exemptions under Section 522(d) of the Bankruptcy Code. In the amended statement of financial affairs, Debtor disclosed the pending lawsuit. (Docket No. 24).

Trustee objects to Debtor's exemption of the insurance proceeds. Trustee initially raised four arguments: 1) that the exemption improperly scheduled the litigation with an unknown value; 2) that Debtor is equitably estopped from exempting any portion of the insurance claim, by reason of omission from the schedules; 3) that Debtor amended the schedules in bad faith; and

that the amount of proceeds exceeded the allowable amount under Section 522(d). (Docket No. 27).

On June 19, 2012, Debtor filed second amended Schedules A, B, and C.  In the second amended schedules A and B, Debtor eliminated the listing of the insurance proceeds as real property, and scheduled the interest in proceeds with a notation that the value estimate of $100,000 was an estimate.  In the second amended Schedule C, Debtor switched from the exemptions available under Section 522(d) of the Bankruptcy Code to those available under Texas law, and claimed as exempt 100% of the value of the proceeds.  (Docket No. 32).

Trustee supplemented his objection to exemptions, retaining only the arguments that Debtor is not entitled to the exemption due to equitable estoppel, and that exception of "100%" of the value of the proceeds is improper.  (Docket No. 34).

The parties do not dispute that, other than the grounds raised in Trustee's objection, the exemption is allowable under the homestead provisions of Texas law.  See In re Carlew, 469 B.R. 666 (Bankr. S.D. Tex. 2012), and the cases cited therein.

Debtor testified that he has made some repairs to his home, but that water still gets into the home when it rains.

Trustee testified that, if the exemption is allowed, there will be approximately $1,700 in the estate available for distribution to creditors.[2]

Conclusions of Law

Bankruptcy Rule 1009(a) provides that a schedule or statement may be amended by the debtor as a matter of course at any time before the case is closed. Rule 1009(a), Fed. R. Bankr. P.

Leave to amend may be denied "if there is a showing of the debtor's bad faith or of prejudice to the creditors." In re Williamson, 804 F.2d 1355 (5th Cir. 1986).

A finding of bad faith requires some form of deception, such as an effort to mislead creditors or to conceal assets, as opposed to a mere mistaken failure to list an asset or to claim an exemption. See In re Unruh, 265 Fed. Appx. 148 (5th Cir. 2008), citing McFatter v. Cage, 204 B.R. 503 (S.D. Tex. 1996).

In the instant case, Debtor's uncontroverted testimony is that he was unaware of the insurance claim or the litigation at the time he filed his schedules and claimed exemptions. There

---

[2]This amount consists of cash in Debtor's possession on the petition date and Debtor's tax refund, which Debtor initially claimed as exempt under Section 522(d) of the Bankruptcy Code, but which Debtor has not claimed as exempt under Texas law.

is no evidence of an effort to mislead creditors or to conceal assets.  The court finds Debtor's testimony credible.  The court concludes that the amendment was not filed in bad faith.

As to Trustee's equitable estoppel argument, Trustee cites In re Save Our Springs (S.O.S.) Alliance, Inc., 393 B.R. 452 (Bankr. W.D. Tex. 2008), citing Moreau v. Oppenheim, 663 F.2d 1300 (5th Cir. 1981), cert. denied sub nom., Oppenheim v. Moreau, 458 U.S. 1107, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982) for the proposition that "one who by his conduct has induced another to act in a particular manner should not be permitted to adopt an inconsistent position and thereby cause loss or injury to the other."  Trustee argues that Debtor's conduct in filing schedules and testifying that he did not have any claims or pending lawsuits induced Trustee to file the report of no distribution.  However, had Debtor properly scheduled his claim as exempt pursuant to 11 U.S.C. § 522, the creditors would be no worse off than they will be if Debtor amends.  In addition, Trustee urges judicial estoppel.  The court notes that the doctrine of judicial estoppel acts to protect the judicial process rather than the litigants.  See Love v. Tyson Foods, Inc., 677 F.3d 258 (5th Cir. 2012).  Weighing the equities, the court finds in favor of allowing the Debtor to retain his exemption to the insurance proceeds to use them to repair his home.  The equities in favor of this result are stronger in the instant case than those in

favor of denying him the exemption on grounds he forgot about the paper he signed with the law firm in a grocery store.  The court concludes that Debtor is not estopped to claim an exemption in the insurance proceeds.

As to Trustee's argument that a schedule of "100%" of proceeds is improper, Trustee cites this court's opinion in In re Fink, 2009 WL 3015340 (Bankr. S.D. Tex. 2009).  With regard to the proposition for which Trustee cites Fink, it has been superseded by the Supreme Court's opinion in Schwab v. Reilly, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010).  Under Texas law, the homestead exemption does not have a dollar limit.  In the instant case, the court declines to extend Fink to reach the question of whether an exemption of "100%" is proper.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on August 8, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE